# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## FLORENCE DIVISION

| | |
|---|---|
| JOSHUA DAWN MANNING,      )  | C/A No. 4:14-4721-JMC-TER |
| Petitioner,           ) | |
| vs.                          ) | REPORT AND RECOMMENDATION |
| LEROY CARTLEDGE, WARDEN ) McCORMICK CORRECTIONAL ) INSTITUTION,                  ) | |
| Respondent.       ) | |

Petitioner, Joshua Dawn Manning ("Petitioner/Manning"), is an inmate in the custody of the South Carolina Department of Corrections (SCDC). Petitioner, appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on December 16, 2014. Respondent filed a motion for summary judgment on May 6, 2015, along with a return and supporting memorandum. The undersigned issued an order filed May 7, 2015, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to file a response. Petitioner failed to file a response.

## **RULE 41(B) DISMISSAL**

A complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied, 493 U.S. 1084 (1990), and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1) the degree of plaintiff's responsibility in failing to respond;

(2) the amount of prejudice to the defendant;

(3) the history of the plaintiff in proceeding in a dilatory manner; and,

(4) the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the Petitioner is proceeding pro se so he is entirely responsible for his actions. It is solely through Petitioner's neglect, and not that of an attorney, that no responses have been filed. Petitioner has not responded to Respondent's motion for summary judgment or the court's orders requiring him to respond. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

In the alternative, it is recommended that Respondent's motion for summary judgment be granted and this action be dismissed as barred by the statute of limitations. Therefore, the procedural history is set forth for reference purposes.

## PROCEDURAL HISTORY

The procedural history as set forth by the Respondent in his memorandum has not been seriously disputed as Petitioner did not file a response. Therefore, the undersigned will set out the undisputed procedural history as set forth by the Respondent, in part.

The Petitioner is presently confined in the McCormick Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment of the Cherokee County Clerk of Court. The Petitioner was indicted at the July 2008 term of the Cherokee County Grand Jury for burglary –1st degree (08-GS-11-606), burglary –2nd degree (08-GS-11-607), grand larceny (08-GS-11-608), kidnapping (08-GS-11-609), armed robbery (08-GS-11-610), and assault and battery of a high and aggravated nature (08-GS-11-668). App.p. 110-132. Petitioner was represented by Brendan Delaney, Esquire. On April 16, 2009, the Petitioner pleaded guilty as indicted to all charges. App.p. 3-45. Petitioner was sentenced by the Honorable J. Mark Hayes II to confinement for a period of sixty (60) years for burglary –1st degree, thirty (30) years each for kidnapping and armed robbery, with the armed robbery sentence running consecutive to the kidnapping sentence, fifteen (15) years for burglary –2nd degree, and ten (10) years each for grand larceny and assault and battery of a high and aggravated nature, with the grand larceny sentence running consecutive to the assault and battery of a high and aggravated nature sentence. All other sentences were to run concurrent. App.p. 44-45.

A timely Notice of Appeal was filed on Petitioner's behalf. App.p. 47. The Petitioner, through counsel Delaney made a response styled "Explanation of Appeal Pursuant to Rule 203(d)(1)(B) stating "there were no issue s raised during the guilty plea; however the client insisted upon his right to appeal. " App.p. 48. The South Carolina Court of Appeals dismissed Petitioner's appeal by written order on May 29, 2009, for failure to identify any issue that is reviewable on appeal. App.p. 50. The Remittitur was sent on June 23, 2009. App.p. 51.

PCR

Petitioner then filed an Application for Post-Conviction Relief (PCR) in Cherokee on January 27, 2010. App.p. 52-58. In the application, filed *pro se*, he alleged:

1. Ineffective Assistance of Counsel.

    a. Failure to inform of defenses.

2. Meritorious Defense to all charges.

    a. Failure to investigate; Prepare for trial.

3. Failure to Request Continuance.

    a. Failure to request continuance; coercion.

App.p. 54.

The Respondent made its Return on or about June 14, 2010. App.p. 59-63. An evidentiary hearing into the matter was convened on December 6, 2010, at the Spartanburg County Courthouse. App.p. 64-101. Fletcher N. Smith, Jr., Esquire, represented the Applicant. Suzanne H. White, Esquire, of the South Carolina Attorney General's Office, represented the Respondent.

At the hearing, the Petitioner testified on his own behalf and plea counsel Brendan Delany was called by the Respondent. The Honorable J. Derham Cole denied and dismissed the application by written order dated March 29, 2011. App.p. 103-109. The Petitioner filed a timely notice of appeal.

On January 26, 2012, the Petitioner, through appointed appellate counsel, Dayne C. Phillips, Appellate Defender of the South Carolina Commission on Indigent Defense, Division of Appellate Defense made a petition for writ of certiorari. In the Petition, counsel raised the

following question:

> Did the PCR court err in finding that trial counsel provided effective assistance of counsel where plea counsel abandoned his role as defense counsel by allowing the solicitor to intimidate Petitioner into pleading guilty.

Petition for Writ of Certiorari, p. 2. Respondent, through Assistant Attorney General Suzanne White, made a Return to the petition on May 11, 2012. On January 21, 2014, the South Carolina Court of Appeals entered its order denying the petition for writ of certiorari. Joshua Dawn Manning v. State of South Carolina, Appellate Case Number 2011-191872, Order (S.C.Ct.App. January 21, 2014). The remittitur was issued by the Court of Appeals on February 11, 2014. Respondent asserts that according to the internet Public Records Index of Clerk of Court for Cherokee Country, the remittitur was filed February 14, 2014.

## GROUNDS FOR RELIEF

In his *pro se* Petition for Writ of Habeas Corpus, Petitioner raises the following grounds for relief, quoted verbatim in part:

GROUND ONE:    Ineffective Assistance of Counsel.

GROUND TWO:    Meritorious Defense to All Charges.

GROUND THREE:  failure to Request a Continuance

GROUND FOUR:   Prosecutorial misconduct

(Petition).

## SUMMARY JUDGMENT

The federal court is charged with liberally construing the complaints filed by pro se litigants,

5

to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972).  The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim,  Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court  assume the existence of a genuine issue of material fact where none exists.  If none can be shown, the motion should be granted.  Fed. R. Civ. P. 56(c).

The moving party bears the burden of showing that summary judgment is proper.  Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial.  Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986).  The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party.  Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991).  However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment.  Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir.

1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. See Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves). Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with ... affidavits, if any." Id. at 322; see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

## STANDARD OF REVIEW

Since Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 117 S. Ct. 2059 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir. 1998); Green v. French, 143 F.3d 865 (4th Cir. 1998). That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

To a large extent, the amendment of § 2254 shifts the focus of habeas review to the state

7

court application of Supreme Court law. See O'Brien v. DuBois, 145 F.3d 16 (1st Cir. 1998) ("the AEDPA amendments to section 2254 exalt the role that a state court's decision plays in a habeas proceeding by specifically directing the habeas court to make the state court decision the cynosure of federal review."). Further, the facts determined by the state court to which this standard is applied are presumed to be correct unless rebutted by the Petitioner by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The United States Supreme Court has addressed procedure under § 2254(d). See Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000). In considering a state court's interpretation of federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1). Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable." Id. at 1521.

The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts.

## DISCUSSION AS TO STATUTE OF LIMITATIONS

The Respondent asserts that the Petitioner's claims must be dismissed as untimely. Petitioner did not file a response.

The applicable law is as follows: The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to

establish a one-year statute of limitations for filing habeas petitions.[2] Subsection (d) of the statute now reads:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the <u>latest</u> of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a "properly filed" application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. (Emphasis added).

As stated under the procedural history, Petitioner pleaded guilty and was sentenced on April 16, 2009. He filed an appeal that was dismissed by the South Carolina Court of Appeals on May 29, 2009, and the remittitur issued on June 23, 2009. Petitioner filed his PCR application on January

---

[3] Prior to this amendment there was no statute of limitations. Habeas Rule 9(a) allowed dismissal only where the state could show it had been prejudiced by a delay in filing. <u>Duarte v. Hershberger</u>, 947 F. Supp. 146, 148, n.2 (D.N.J. 1996).

27, 2010. The matter remained tolled until the South Carolina Court of Appeals entered its order denying the petition for writ of certiorari on January 21, 2014. The remittiur was issued on February 11, 2014, and filed on February 14, 2014. Petitioner filed his federal habeas petition on December 16, 2014, with a Houston v. Lack, 487 U.S. 266 (1988), delivery date of December 9, 2014. However, even using the delivery date of December 9, 2014, and the remittitur filing date of February 14, 2014[4], the instant petition is time-barred and should be dismissed.

In the case of Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000), the Fourth Circuit aggregated time periods to conclude that a federal habeas petition was time barred under 28 U.S.C. § 2244(d). In Harris, the Fourth Circuit stated:

> Thus, for Harris, the one-year limitation period imposed by §2244(d) commenced on April 24, 1996. Ten-and-one-half months later, on March 12, 1997, Harris filed his petition for state post-conviction review, which suspended the running of the one-year limitation period. This petition remained "pending" in state courts until January 7, 1998, when the Maryland Court of Appeals denied Harris' application for leave to appeal the denial of his petition. At this point, the clock began running again on the one-year limitation period, expiring one-and-one-half months later, in February 1998. Harris did not file his federal habeas petition until July 22, 1998, six months after his one-year period had expired. Therefore, the petition was time-barred under 28 U.S.C. § 2244(d).

Harris, 209 F.3d at 327.

The United States Supreme Court has held that the federal one year statute of limitations can be subject to equitable tolling in appropriate cases. Holland v. Florida, 560 U.S. 631, 130 S.Ct. 2549, 2552–2554, 2560–2562 (2010); see also Rouse v. Lee, 314 F.3d 698, 704 (4th Cir.2003) (citing

---

[4] Cf. Beatty v. Rawski, 2015 WL 1518083 (D.S.C. March 31, 2015)(one-year limitations period for filing federal habeas petition remained tolled until remittitur on appeal from denial of post-conviction relief was filed in the circuit court).

10

Harris v. Hutchinson, 209 F.3d 325, 330 (0 Cir.2000)). Circumstances will rarely warrant equitable tolling, however, and a Petitioner carries the burden of showing that he is entitled to equitable tolling. Harris, 209 F.3d at 330; see also Marengo v. Conway, 342 F.Supp.2d 222, 230 (S.D.N.Y.2004); Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir.2002). Further, equitable tolling applies only in the rare and exceptional circumstance, and is limited to "extraordinary circumstances" preventing a prisoner from filing a timely petition. Warren v. Garvin, 219 F.3d 111, 113 (2d Cir.2000); Marengo, 342 F.Supp.2d at 230. "[T]he party seeking equitable tolling must [also] have acted with reasonable diligence throughout the period he seeks to toll." Marengo, 342 F.Supp.2d at 230 (*quoting* Warren, 219 F.3d at 113); see also Holland, 130 S.Ct. at 2562 [" 'Petitioner is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing."] (*quoting* Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

There is no evidence that warrants equitable tolling. Petitioner did not file a response to the motion for summary judgment, and, therefore, has not demonstrated that he pursued his rights diligently or that some extraordinary circumstances stood in his way to prevent him from timely filing his federal habeas petition. Therefore, the petition should be dismissed as barred by the statute of limitations, and Respondent's motion for summary judgment should be granted.

## CONCLUSION

As set out above, the Petitioner's federal habeas corpus petition should be dismissed for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b), with prejudice. Alternatively, it should be dismissed as barred by the statute of limitations. It is, therefore,

RECOMMENDED that Respondent's motion for summary judgment (document #18) be GRANTED in its ENTIRETY, and the petition be dismissed without an evidentiary hearing.

Respectfully Submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

June 12, 2015
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**